UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CURTIS WILLIAMS,

    Plaintiff,

v.

                                                              Case No. 08-14748

ALLSTATE INSURANCE COMPANY,          Honorable Julian Abele Cook, Jr.

    Defendant.

ORDER

In this case, the Plaintiff, Curtis Williams, contends that on September 19, 2007, the Defendant, Allstate Insurance Company ("Allstate"), issued him an insurance policy which covered a parcel of realty and its contents at 19142 Justine Street in the City of Detroit. In his complaint, Williams submits that during the months of October and November in 2007, he sustained losses to his home and certain parcels of personalty which, in his opinion, were caused by two unforeseen incidents of fire and unidentified vandals. Relying upon his interpretation of the insurance policy, Williams asserts that he submitted claims relating to these incidents to Allstate for the recovery of his losses. However, he submits that inasmuch as Allstate has steadfastly refused to honor its legal obligations under the parties' insurance contract, it became necessary for him to initiate this lawsuit.

I.

On January 4, 2010, Allstate filed a motion, seeking to preclude the introduction of evidence that Williams was not criminally prosecuted for having set or directed someone to set the fires at his

1

home. Three weeks later, Williams filed a response, stating that he "concurs in the relief sought by [Allstate's] Motion." Inasmuch as there appears to be no dispute on this issue between the parties, the Court will grant Allstate's request.

II.

On the same date (January 4, 2010), Williams also filed a motion, seeking to exclude the admission of any evidence of his prior fire loss insurance claim. He maintains that this challenged evidence which relates to his May 2001 fire loss claim involved a different insurer and, as such, it is irrelevant and would be unfairly prejudicial to his case if admitted. Allstate disagrees, arguing, in part, that any prejudicial effect on Williams' case is outweighed by its probative value because it is evidence which suggests a motive, plan, or scheme; namely, to commit fraud.

Relevant evidence is defined in the Federal Rules of Evidence as that which has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. In 1996, the Sixth Circuit Court of Appeals (Sixth Circuit) determined that "even if a district court believes the evidence is insufficient to prove the ultimate point for which it is offered, it may not exclude the evidence if it has the slightest probative worth." *DXS, Inc. v. Siemens Medical Sys.*, 100 F.3d 462, 475 (6th Cir. 1996) (quoting *Douglass v. Eaton Corp.*, 956 F.2d 1339, 1344 (6th Cir. 1992)).

Here, the Court concludes that evidence of Williams' 2001 claim for a fire loss is relevant to the issues in this case. Fed. R. Evid. 404(b) provides that although evidence of prior acts is inadmissible to establish the character of a person, it "may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident . . . ." In support of its position, Allstate asserts that evidence of

Williams' previous fire loss claim makes its defense more probable; i.e., that he had a scheme in place to defraud his insurer. The Sixth Circuit has determined that "[w]hen an insurance company asserts the defense of incendiarism, it includes evidence of the insured's intent or knowledge of the occurrence." *White v. Ins. Co. of North America*, 1984 U.S. App. LEXIS 14747 at *5 (6th Cir. Jan. 25, 1984) (citing *Hammann v. Hartford Accident and Indemnity Co.*, 620 F.2d 588 (6th Cir. 1980); *Trice v. Comm. Union Assurance Co.*, 397 F.2d 889 (6th Cir. 1968), *cert. denied* 393 U.S. 1018 (1969)); *see also Pasquale v. Prudential Prop. & Cas. Ins. Co.*, 657 F.2d 269, 269 (6th Cir. 1981). Thus, evidence showing that Williams had a prior fire loss claim for which he received monies is probative regarding Allstate's defense that its insured was attempting to commit fraud. Therefore, the Court concludes that this evidence is relevant.

The Court now turns to another pertinent inquiry; namely, whether this evidence, even if relevant, would be unfairly prejudicial to Williams and, in turn, substantially outweigh its probative value. Even where evidence is deemed relevant, it may be excluded if the trial judge concludes that "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403.

Although, as Williams argues, evidence of his prior claim is prejudicial, the Court does not believe that it is so harmful as to substantially outweigh its probative value. The authority cited above shows that courts have been willing to allow insurers to question a witness regarding previous fire loss claims, along with a limitation upon the scope of their questions and/or giving a limiting instruction to the jury. *See, e.g.*, *Hamman*, 620 F.2d at 589 (court admitted evidence of prior fires that resulted in recovery, excluded those that did not, and "properly instructed the jury that the fires

were to be considered as bearing only on [the plaintiff's] motive."); *Pasquale*, 657 F.2d at 269 (court allowed questioning of plaintiff regarding previous car thefts and "precluded further inquiry" where the probative value of line of questioning was substantially outweighed by unfair prejudice). The Court believes that - like the trial courts in *Hamman* and *Pasquale* - it can (1) instruct the jurors regarding the limited purpose of this evidence and (2) monitor any line of questioning so as to avoid any unfair prejudice. Accordingly, Williams' motion which, if granted, would preclude the admission of his 2001 insurance claim for fire loss, is denied.

III.

Williams also urges the Court to exclude expert testimony concerning the cause and origin of the house fires at issue in this case. He argues that under the Rules of Evidence, expert testimony is admissible only if it will assist the trier of fact in resolving a fact in dispute. Here, he states, the parties have stipulated that the fires were intentionally set and therefore any expert testimony on this subject would be cumulative and result in a waste of the Court's resources.

Allstate, on the other hand, opposes Williams' request because it believes that the testimony of its proposed expert witness regarding the cause and origin of the fires is relevant and admissible. It argues that even though the parties have agreed that the fire was intentionally set, its expert will testify as to the manner in which the fires were set, therefore making more probable its theory that Williams set the fires or directed another person to start the fires at his home.

Fed. R. Evid. 702, which governs expert testimony, states the following:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the

4

case.

Williams is correct in asserting that testimony regarding the fact that the fires were incendiary would be duplicative and would therefore be excluded. *See* Fed. R. Evid. 403. However, Allstate's defense theory is that Williams set the fires or directed another to do so, and thus, the manner in which these fires were set is probative. Allstate submits that its expert will testify that (1) the fire was set with a flammable liquid "which had been liberally distributed throughout the interior of the residence and then ignited" and (2) he, in inspecting the home after the fires, observed "cloth and other combustible material which trailed up the stairway and along the second floor through the bathroom and hallway." This information, if believed by the jury, could aid Allstate in establishing its defense. As such, the Court must deny Williams' request.

IV.

Accordingly, for the reasons stated above, the Court must, and does (1) grant Allstate's motion to exclude evidence of the lack of criminal prosecution of Williams (Doc. #11); (2) deny Williams' motion to exclude evidence of his previous insurance claim (Doc. #12); (3) deny Williams' motion to preclude expert testimony concerning the cause and origin of the house fires (Doc. #13).

IT IS SO ORDERED.

Dated:  June 30, 2010                       S/Julian Abele Cook, Jr.
    Detroit, Michigan                             JULIAN ABELE COOK, JR.
                                                   United States District Judge

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on June 30, 2010.

                                                                             s/ Kay Doaks
                                                                             Case Manager